

Richard L. Hahn, Erwin L. Pincus, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., for debtor, J. Levitt, Inc.

Carl S. Primavera, Claudia Z. Stotter, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for The Employers Ins. Co.

Robert Kargen, White & Williams, and Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Creditors' Committee.

**In re J. LEVITT, INC., Debtor.**

**Bankruptcy No. 81–05345G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

March 28, 1984.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The case before us was badly presented. By agreement, no testimony was offered. Instead, counsel made statements of purported facts, interspersed with inadmissible bits of hearsay. No one objected to anything. The issue is whether a creditor may apply certain *post*-petition monies received from the debtor against the debtor's *pre*-petition account with said creditor. Because any such application would violate section 362(a)(6) of the Bankruptcy Code ("the Code") and since the creditor has not met its burden of proving that the sum in question was a pre-petition debt, we will grant the debtor's objection to the creditor's proof of claim which credited the amount received to the debtor's pre-petition debt, leaving the post-petition debt (hence, a priority claim) still owing.

The "admitted" facts of the instant case are as follows:[1] On December 29, 1981, J. Levitt, Inc. ("the debtor") filed a petition for reorganization under chapter 11 of the Code. In February, 1982, the debtor issued a check in the amount of $7,494.21 to I.R. Weinraub & Co., Inc., an insurance broker ("the broker"), which had written certain policies of insurance on the debtor's behalf and placed them with Employer's Insurance of Wausau ("Wausau"). The broker, in turn, on June 4, 1982, drafted a check in the amount of $5,574.12 to Wausau, which credited the check against pre-petition debts owed it by the debtor. It is undisputed that the debtor has both a pre-petition and post-petition account with Wausau.

The debtor contends that Wausau incorrectly applied the post-petition check to a pre-petition account and argues that since the check in question was, in fact, paid post-petition, that check was to be credited against post-petition debts. We agree.

It is axiomatic that section 362(a)(6) of the Code stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6). Wausau, however, offers some hearsay testimony alleging that an employee of the broker (and a purported agent of the debtor) had informed it that the sum sent to Wausau by the debtor (the $5,574.12) represented monies that had been collected pre-petition and that said employee instructed Wausau to credit the debtor's pre-petition account. Regardless of whether said allegation, if proven, could pass legal muster, the fact remains that Wausau has not proven the allegation as a matter of record. Barring the obvious hearsay, the record simply establishes that the debtor drafted a check *post*-petiton and that Wausau credited the money received therefrom against a *pre*-petition indebtedness of the debtor. Consequently, we will grant the debtor's objection to Wausau's proof of claim.

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052 (effective August 1, 1983).